**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:18-CR-33** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **ASHIS K. RAKHIT AND JAYATI GUPTA RAKHIT,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants** | |

This matter is before the Court upon Defendant Gupta Rakhit's *Motion in Limine* For Necessary Redactions Of Her FBI Interview filed on July 9, 2021 ("Defendant's Motion"). (Doc. No. 150.) On July 16, 2021, the United States of America filed the Government's Response To Defendant's Motion ("the Government's Response"). (Doc No. 171.) Although given the opportunity to do so, Defendant Gupta Rakhit ("Defendant") did not file a reply in support of Defendant's Motion within 7 days of the filing of the Government's Response, or by July 23, 2021. (Non-document Order, July 9, 2021.)

In Defendant's Motion, Defendant moves this Court for an order prohibiting the government from introducing the full audio of her interview taken by government agents on January 24, 2018. According to Defendant, "[t]he interview contains several inappropriate, irrelevant, inadmissible and highly prejudicial comments, opinions, and references *made by the interviewing government agents*." (Emphasis added. Doc. No. 150, PageID # 3173.) The government then, like this Court, interprets or understands Defendant's Motion to refer to the agents' questions only, and not Defendant's responses, which would be admissible under Fed. R. Evid. 801(d)(2)(A). (Doc. No. 171, PageID # 4109.)

In Defendant's Motion there are thirteen requested redactions, identified by the minute mark at which the statement or reference occurs.  (Doc. No. 150, PageID #s 3179-3184.) Each of the thirteen redactions of the agents' statements requested by Defendant are based upon a combination of the following grounds:  1.) they are inadmissible as hearsay; 2.) they are violative of the Confrontation Clause; 3.) they constitute the providing of inappropriate expert opinions; 4.) their probative value is outweighed by the danger of unfair prejudice; 5.) they constitute improper opinions regarding Defendant's guilt; and 6.) they constitute improper opinions and legal conclusions regarding the medical necessity of procedures.

In the Government's Response, the government agrees to redact the requested agent questions with three qualifications, to wit:  1.) the government will lead the testifying witness before playing Defendant's response, and the question will contain a "sanitized version of the topic that does not refer to other witness statements"; 2.) the government "reserves the right to play the questions if the defense mischaracterizes the context in any way to give the jury the exact context surrounding [Defendant's] statement; and 3.) if Defendant testifies, then the government "reserves the right to play the full exchange as necessary to cross-examine her on the testimony in question."

Accordingly, Defendant's Motion is GRANTED, subject to the unopposed qualifications set forth above.

**IT IS SO ORDERED.**


*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  August 2, 2021